Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Steven Ritz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Steven Ritz<br><br>              Plaintiff,<br><br>v.<br><br>Western Dental Services, Inc.<br><br>              Defendant. | CASE NO. 8:22-cv-00183<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Intrusion Upon Seclusion<br>3. Violation of the Telephone Consumer Protection Act |

    COMES NOW Plaintiff Steven Ritz (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

  1. Plaintiff brings this action against Western Dental Services, Inc. (hereinafter "Defendant" or "Western") in response to receiving approximately 800 telephone calls and pre-recorded messages from Western over the course of several months. The pre-recorded calls and other contact continued despite Western receiving three certified notices demanding the calls stop and informing Western that Plaintiff was represented by counsel.  Western also sent multiple payment demands to the Plaintiff through email and regular mail despite knowing he was represented by counsel.

1

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts, and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

3. Plaintiff brings this action against Defendant Western for its abusive and outrageous conduct in connection with debt collection activity.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress

intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

9. Western maintains its primary business location in Orange, California and has locations throughout the State of California, including several in the Central District of California.

## GENERAL ALLEGATIONS

10. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

11. At all relevant times herein, Western was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

12. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

13. Plaintiff became indebted in Western several years ago.

14. The debt Plaintiff incurred with Defendant was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

15. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

16. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit

transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

17. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

18. Plaintiff's account was related to services performed by Western.

19. Plaintiff was making payments on the account for several years before he became financially unable to keep up with the monthly payments.

20. Defendant began contacting Plaintiff late September of 2020 to inquire about the status of the account and to collect on the payments that were no longer being made.

21. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

22. Counsel for Plaintiff sent Defendant an initial letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

23. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone if any such consent had ever been previously given.

24. Counsel for Plaintiff sent the letter of representation to Defendant through certified mail on October 20, 2020. Defendant received the certified letter on October 27, 2020.

25. Plaintiff informed Defendant that he was revoking his consent to be called on his cellular telephone in October of 2020.

26. Defendant continued to contact Plaintiff even after it had received Plaintiff's October 20, 2020 letter.

27. Despite being aware that Plaintiff was represented by counsel, Western continued to place calls to Plaintiff's cellular telephone.

28. Frustrated, a second notice was sent to Western through USPS certified mail on November 10, 2020. Western received the notice on November 16, 2020.

29. Undeterred after the second notice was received, Western continued to call Plaintiff.

30. A third notice was sent to Western on November 17, 2021. Western received Plaintiff's third certified notice of representation on November 26, 2021.

31. Despite receiving three certified notices, all of which informed Western that Plaintiff was represented by counsel and was revoking his consent to be contacted by an ATDS, Western continued to call and harass him regrading the non-payment on his account.

32. The actual call volume may be much higher as the number of calls placed by Western to Plaintiff have overwhelmed Plaintiff and caused his to experience a significant amount of anxiety and stress.

33. It is believed that Western called Plaintiff over 800 times.

34. In addition to the constant collection calls that were placed to Plaintiff, Defendant continued to send collection notices and payment demands through email and regular mail, despite being aware that Plaintiff was represented by counsel.

35. Defendant would often call Plaintiff numerous times each day demanding payment on the account.

36. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

37. Defendant's automatic dialing machine contains the capacity to randomly dial numbers.

38. Defendant would leave pre-recorded messages on Plaintiff's cellular telephone.

39. Most, if not all, of the 800-plus messages were left with an artificial voice or were pre-recorded.

40. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified, three times, that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant and that Plaintiff revoked consent to be contacted on his cellular telephone.

41. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

42. Defendant intentionally ignored Plaintiff's certified letter of representation of revocation of consent and willfully attempted to coerce Plaintiff into making payment on his account by overwhelming his cellular telephone with auto dialed calls.

43. Western intended to frustrate and annoy Plaintiff at all times of the day, regardless of where Plaintiff was and ignoring that Plaintiff retained counsel to address his Western account.

44. Despite receiving written notice on three occasions regarding Plaintiff's representation by counsel and revocation of his consent to be contacted on his cellular telephone Defendant continued to call and contact Plaintiff daily regarding his account with Defendant.

//
//
//
//
//
//

## FIRST CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Western)

45. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

46. Plaintiff provided written notice, three times, via certified mail that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

47. Defendant continued to call and attempt to contact Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel and represented Plaintiff with respect to the debt that was owed to Defendant.

48. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

49. Plaintiff received over 396 calls from Defendant after Defendant was aware Plaintiff was represented by counsel.

50. Defendant also mailed payment demands to Plaintiff after it became aware he was represented by counsel.

51. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Western)

52. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

53. Defendant placed at least 800 calls to Plaintiff.

54. Plaintiff was contacted multiple times per day by Defendant.

55. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

56. Defendant violated Cal. Civ. Code §1788.11(d) by contacting Plaintiff over 800 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

## THIRD CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Western)

57. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

58. Defendant placed at least 800 calls to Plaintiff.

59. Plaintiff was contacted multiple times per day by Defendant.

60. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

61. Defendant violated Cal. Civ. Code §1788.11(e) by contacting Plaintiff over 800 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

## FOURTH CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FNBO)

62. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

63. Defendant placed over 800 calls to Plaintiff.

64. Plaintiff was contacted multiple times per day by Defendant.

65. Western knew that Plaintiff was represented by an attorney as it received three certified notices stating as much.

66. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Western knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**FIFTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against Defendant Western)

67. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

68. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

69. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

70. Western intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

71. Western intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

72. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

73. These intrusions and invasions against Plaintiff by Western occurred in a way that would be highly offensive to a reasonable person in that position.

74. Western received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

75. Western ignored three separate letters from Plaintiff's counsel and instead continued to repeatedly contact him and annoy/harass him regarding the non-payment of his account.

76. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Western.

**Cal. Civ. Code § 3294**

77. Western also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at trial.

78. Western had actual knowledge that it continued to violate both state and federal collection laws as it received three separate notices regarding representation of Plaintiff by an attorney.

79. These calls were done with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone using an automated telephone dialing system.

80. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

81. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendant's illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least one hundred and ten calls/pre-recorded messages and at least twenty text messages.

82. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendant.

83. Western also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**SIXTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant Western Bank)

84. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

85. Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant in October of 2020.

86. Defendant called Plaintiff at least 800 times after Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

87. Defendant was notified that Plaintiff had revoked his consent to be contacted on his cellular telephone by an automatic dialing machine, however, despite being Plaintiff's revocation, Western continued place calls to Plaintiff's cellular telephone without his consent and with complete disregard the prior notice that was received by Western.

88. Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

89. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

90. Defendant would often leave pre-recorded messages on Plaintiff's cellular telephone.

91. Defendant's automatic dialing machine contains the capacity to randomly dial telephone numbers.

92. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

93. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

94. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in October of 2020.

95. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. An award of actual, statutory, and punitive damages.
   b. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.
   c. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32 and 15 U.S.C. § 1692k.
   d. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c) and 15 U.S.C. § 1692k.
   e. Exemplary damages pursuant to California Civil Code § 3294.
   f. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation; and

  **g.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

            **Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: February 4, 2022    By: */s/ Joe Angelo*
               Joe Angelo
               Attorney for Plaintiff